UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 17-0792 JGB (KK)** | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Stevanus Edward v. Former President Obama, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING the Motion to Dismiss by the Honorable Catherine Coutts and Workers' Compensation Appeals Board (Dkt. No. 72); (2) GRANTING the Motion to Dismiss by Baptist Hospital (Dkt. No. 80); (3) GRANTING the Motion to Dismiss by Ropers, Majeski, Kohn, & Bentley, United States Fire Insurance Company and LWP Claim Solutions (Dkt. No. 83); (4) GRANTING the Motion to Dismiss by the Honorable Sunshine Sykes (Dkt. No. 87); (5) GRANTING the Motion to Dismiss by Huntington Memorial Hospital (Dkt. No. 89); (6) GRANTING the Motion to Dismiss by David L. Wood III, M.D. and Desert Medical Imaging L.L.C. (Dkt. No. 92); (7) GRANTING the Motion to Dismiss by City of Fontana (Dkt. No. 101); (8) DENYING the Motion for Permanent Injunction by Ropers, Majeski, Kohn, & Bentley, United States Fire Insurance Company and LWP Claim Solutions (Dkt. No. 84); (9) DENYING the Motion to Deem Stevanus Edward a Vexatious Plaintiff by City of Fontana (Dkt. No. 102); (10) DISMISSING Plaintiff's Complaint WITHOUT LEAVE TO AMEND; (11) VACATING the August 28, 2017 Hearing; and (12) VACATING the September 11, 2017 Hearing (IN CHAMBERS)

Before the Court are the following motions:

- Motion to Dismiss by the Honorable Catherine Coutts and Workers' Compensation Appeals Board (Dkt. No. 72);
- Motion to Dismiss by Baptist Hospital (Dkt. No. 80);

- Motion to Dismiss by Ropers, Majeski, Kohn & Bentley, United States Fire Insurance Company and LWP Claim Solutions (Dkt. No. 83);
- Motion to Dismiss by the Honorable Sunshine Sykes (Dkt. No. 87);
- Motion to Dismiss by Huntington Memorial Hospital (Dkt. No. 89);
- Motion to Dismiss by David L. Wood III, M.D. and Desert Medical Imaging L.L.C. (Dkt. No. 92);
- Motion to Dismiss by City of Fontana (Dkt. No. 101);
- Motion for Permanent Injunction by Ropers, Majeski, Kohn & Bentley, United States Fire Insurance Company and LWP Claim Solutions (Dkt. No. 84); and
- Motion to Deem Plaintiff a Vexatious Litigant by City of Fontana (Dkt. No. 102).

After considering all papers submitted in support of the Motions, as the Motions were unopposed, the Court GRANTS each Motion to Dismiss and DISMISSES the Complaint WITHOUT LEAVE TO AMEND. The Court DENIES the Motion for Permanent Injunction and DENIES the Motion to Deem Plaintiff a Vexatious Litigant.

## I. INTRODUCTION

On May 4, 2017, pro se litigant Stevanus Edward ("Plaintiff") filed a complaint against thirty defendants (collectively "Defendants"):

- Former President Obama;
- Obama Administration;
- FBI Agency;
- National Intelligence;
- NSA Agency;
- Kamala Harris;
- Judge Sunshine Sykes;
- Judge Catherine Coutts;
- Police Fontana, California;
- Worker's Compensation Board;
- QME Doctors David Wood;
- LWP Claim Sacramento, CA;
- US Fire Insurance, New Jersey;
- Attorney Telleria & Levy, CA;
- Defendant Attorney RKMB, CA;
- Arrowhead Hospital, CA;
- Hoag Newport Hospital, CA;
- Baptist Hospital, CA;
- Providence Hospital, WA;
- Huntington Hospital, CA;
- Grove Imaging, CA;
- DMG Imaging San Gabriel, CA;
- DMG Imaging Monterey Park, CA;
- Spectrum Imaging, CA;
- Desert Medical Imaging, CA;
- Envision Imaging, Irving, Texas;
- Northwest Imaging, Nebraska;
- Jamba Juice, CA;
- Hengky Sualang, CA; and
- Beatrice Sualang, CA.

("Complaint," Dkt. No. 1.) Plaintiff's Complaint asserts thirty-four causes of action:

- Abuse of executive power;
- Abuse NSA program;
- Abuse power;
- Abuse of public office trust;
- Violation of human rights;
- Federal Tort Claim Act;
- Patients' rights violation;
- Conspiracy attempted murder;

- Organized Crime Enterprise Racketeering Influenced/RICO;
- Civil rights violation;
- Attempt and conspiracy;
- Emergency Medical Treatment and Labor Act ("EMTALA");
- Judge misconduct;
- Attorney misconduct;
- Great bodily injury/harm;
- Criminal threats;
- Criminal negligence;
- Theft/mail theft/grand theft;
- Confidential invasion;
- Radical Terror Act;
- Torture persecution;
- Fourteenth Amendment violation;
- Pattern and practice;
- First Amendment violation;
- HIPAA violation;
- The Federal Wiretap Act;
- Harassing and unlawful search;
- Abuse worker's comp system;
- Conspiracy attempted fraud;
- American with Disability Act;
- Conspiracy to obstruct justice;
- Racist and discrimination; and
- Fourth Amendment violation.

(Id. at 1.) Plaintiff seeks various forms of relief, including declaratory relief, thirty billion dollars in damages, past and future loss of income, and criminal penalties. (Id. at 62.) Pursuant to an Order to Transfer, the matter was transferred to this Court on May 24, 2017.

In response, eleven defendants filed motions to dismiss, asserting, among other arguments, that this Court lacks jurisdiction, that Plaintiff's Complaint fails to state a claim, that Plaintiff's complaint is frivolous, and that Plaintiff's claims are precluded the doctrine of res judicata.[1]

---

[1] Together with their motions, the moving defendants filed Requests for Judicial Notice. (Dkt. Nos. 73, 80, 83, 87, 91 & 96.) The requests by defendants ask that the Court take judicial notice of various court filings in related cases in this Court and other courts. A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Courts may take judicial notice of their own records. U.S. v. Author Services, 804 F.2d 1520, 1523 (9th Cir. 1986) (citing Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969). Proceedings of other courts, including orders and filings, are also the proper subject of judicial notice when directly related to the case. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") Accordingly, the Court GRANTS defendants' Requests for Judicial Notice.

## II. BACKGROUND

The instant action is the latest iteration of Plaintiff's claims in federal court against various groupings of the Defendants. In June 2016, Plaintiff filed a substantially similar action against twenty-one of the Defendants, asserting nineteen of the causes of action. See Complaint, Stevanus Edward v. President Obama, et al., Case No. 5:16-cv-01312-JGB-KK, Dkt. No. 1 (June 21, 2016). In that complaint, Plaintiff alleged multiple counts of conspiracy against the defendants for abuse of executive power, constitutional violations, and fraud, among other claims. Id. This Court denied Plaintiff's request to proceed *in forma pauperis* (IFP), determining the causes of action to be "legally and/or factually patently frivolous," and dismissed the complaint. See Order, Case No. 5:16-cv-01312-JGB-KK, Dkt. No. 6 (June 24, 2016).

Later in 2016, Plaintiff filed a second lawsuit against twenty-nine of the Defendants, asserting thirty of the thirty-four causes of action alleged here. See Complaint, Stevanus Edward v. President Obama, et al., Case No. 8:16-cv-01677-JGB-KK, Dkt. No. 1 (Sept. 9, 2016). In that complaint, as in the present action, Plaintiff contended that there were multiple conspiracies to end his life, and that the defendants violated his constitutional and civil rights. See generally Id. This Court dismissed Plaintiff's complaint without leave to amend against all defendants. See Order, Case No. 8:16-cv-01677-JGB-KK, Dkt. No. 195 (Feb. 28, 2017); Minute Order, Case No. 8:16-cv-01677-JGB-KK, Dkt. No. 198 (Mar. 16, 2017).

Finally, Plaintiff filed the instant action on May 4, 2017. The Court notes that the allegations in the sixty-two page Complaint are difficult to ascertain. Broadly, the Complaint paints a picture of a massive conspiracy involving the former Obama Administration's executive agencies, judges Plaintiff has appeared before, medical health providers in multiple states, and Plaintiff's own landlord. Essentially, Plaintiff claims that "Repeatedly Defendants targeted Plaintiff family [sic]." (Compl. ¶ 44.) Plaintiff asserts a span of activity from 2012 to 2017 during which Defendants "repeatedly violated Plaintiff rights under 4th Amendment for Multiple conspiracies criminal act by abusing NSA surveillance for targeting to Obstruct Justice; Theft; Attempted murder & Fraud; Influencing and other federal crime [sic]." (Compl. ¶ 45.)

## III. DISCUSSION

### A. Service of Process

#### 1. Legal Standard

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(c)(1) provides that "A summons must be served with a copy of the complaint." Rule 4(e) prescribes how to serve an individual, while Rule 4(h) provides the methods of serving a corporation, partnership, or association. Thus, under Rules 4(e) and 4(h), a federal court normally looks to either the Federal Rules of Civil Procedure or the state rules of civil procedure in which it sits to determine whether a defendant is amenable to service. In addition, as is pertinent here, Rule 4(i) governs service on a United States agency, officer, or employee.

A claim may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Dismissal is a "harsh penalty" that should be granted only in extreme circumstances, Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 2002), and is generally not justified absent a showing of prejudice. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Plaintiff bears the burden of establishing the validity of service. Hickory Travel Sys., Inc. v. TUI AG, 213 F.R.D. 547, 551–52 (N.D.Cal.2003). However, Rule 4 is a flexible rule that should be given liberal construction as long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d at 1382. Therefore, a defendant's answer and appearance in an action should be sufficient to prevent a technical error in form from invalidating the process. Id. (citing Maricopa County v. American Petrofina, Inc., 322 F. Supp. 467, 469-70 (N.D. Cal. Jan. 25, 1971)).

   2. Analysis

The Court finds that Plaintiff failed to properly serve the numerous entities named as Defendants in this case. The Court examines the various deficiencies in service of process below.

   a. Defendants never served

First, Rule 4(c)(1) requires service of the summons and the complaint on the defendant. Moreover, Rule 4(m), provides that if a defendant is not served within 90 days after the filing of the complaint, the court must dismiss the action or order service to be made within a specified time. Fed. R. Civ. P. 4(m).

Here, the Complaint was filed on May 4, 2017 and the summons were issued by the court on July 3, 2017. (See e.g., Dkt. No. 10.) However, Plaintiff failed to request a summons or submit proofs of service on defendants Jamba Juice, CA, Hengky Sualang, and Beatrice Sualang. Accordingly, Plaintiff did not serve the summons upon the noted three defendants by August 2, 2017, when the 90-day period required by Rule 4(m) expired.

As the Ninth Circuit has made clear, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Therefore, the Court DISMISSES the Complaint against defendants Jamba Juice, CA, Hengky Sualang, and Beatrice Sualang.

   b. Defendants served prior to July 3, 2017

Plaintiff submitted proofs of service for Defendants former President Obama, the Obama administration, and United States Fire Insurance asserting service was effectuated on June 27, 2017. (Dkt. Nos. 21, 23 & 60.) Plaintiff also submitted proofs of service for defendants Kamala Harris, Judge Sunshine Sykes, Judge Catherine Coutts, the City of Fontana, the Workers' Compensation Appeals Board, and LWP Claim Solutions asserting service was effectuated on

June 29, 2017.  (Dkt. Nos. 34, 37, 41, 44, 47 & 52.)  These dates of service are prior to the issuance of the summons.

As Rule 4(c)(1) notes, proper service requires both the summons and the complaint.  Despite Plaintiff's proof of service documents declaring a summons was included, the Court finds that Plaintiff did not serve the summons on these defendants.  Therefore, the Court DISMISSES the Complaint against defendants former President Obama, the Obama administration, and Kamala Harris.

However, given that Plaintiff is proceeding pro se, and several of these improperly served Defendants answered the complaint with motions to dismiss, the Court finds there is no showing of prejudice against Defendants United States Fire Insurance, Judge Sunshine Sykes, Judge Catherine Coutts, the City of Fontana, the Workers' Compensation Appeals Board, and LWP Claim Solutions.  Therefore, the Court considers the merits of their motions below.

### c. Defendants served on July 3, 2017

It is unclear whether the remaining defendants, who were served on July 3, 2017, received the summons in addition to the Complaint, but the Court will assume they did, based upon the proof of service documents filed.  (Dkt. Nos. 11, 13, 15, 17, 19, 25-6, 29, 30, 33, 38, 42, 48, 53, 56, 59 & 63.)  The remaining defendants are comprised of an individual, California corporations, and out-of-state corporations.  Thus, Federal Rules of Civil Procedure 4(e), 4(h)(1), and 4(i) govern the service of process on these defendants.

Rule 4(e) allows for service on an individual within the United States in accordance with the laws of the forum state or the laws of the state in which service was effectuated, or by delivering a copy of the summons and complaint personally to the individual's abode, or to an authorized agent.  The California Code of Civil Procedure allows a summons to be served by "first-class mail or airmail, postage prepaid" to the person to be served, along with a "return envelope, postage prepaid, addressed to the sender."  Cal. Code Civ. P. § 415.30(a) (West 2011).  Service is deemed complete on the date a written acknowledgement of receipt of the summons is executed.  Id. § 415.30(c).

The Court is unclear as to whether Plaintiff complied with the rules for proper service on David Wood, III, M.D.  The proof of service filed makes no mention of a personal delivery to Mr. Wood, at Mr. Wood's home, or to an authorized agent for service of process.  Although Plaintiff sent the summons and Complaint by first-class mail, postage prepaid, the proof of service makes no mention of a return envelope, postage prepaid.  Plaintiff has not filed an executed receipt of summons.  However, given that Mr. Wood submitted a motion to dismiss, this Court finds there was no prejudice, even if Plaintiff's service was deficient.

Under Rule 4(h)(1) a plaintiff must serve a domestic corporation in a judicial district in the United States in one of two ways: (1) in a manner prescribed by Federal Rule of Civil Procedure 4(e)(1) or (2) by serving an officer, a managing or general agent, or any other agent authorized by

law to receive service of process with a copy of the summons and complaint. Fed. R. Civ. P. 4(h)(1). The California Code of Civil Procedure allows service on a business organization, form unknown, by leaving a copy of the summons and complaint during office hours with a person in charge of that office, "and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left." Cal. Code Civ. P. § 415.95(a) (West 2011). For corporations or partnerships, service may be made on the designated agent for service of process, a head of the corporation or "a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Id. §§ 416.10, 416.40. Moreover, service on out-of-state corporations require a return receipt. Id. § 415.40.

Again, it is unclear whether Plaintiff complied with the requirements for service of process on a business organization, corporation, or partnership. Plaintiff's filed proof of service documents do not mention personal delivery to the businesses in addition to the first-class mail, postage prepaid mailings. None of the mailings listed are addressed to any person, head or otherwise, of the organizations. Only the name of the business is written on each proof of service document. Moreover, none of the proof of service documents for the out-of-state defendants declare a return receipt was enclosed, nor have any executed receipt of summons been filed.

If service was deficient, the Court finds no prejudice against defendants Baptist Hospital, Huntington Memorial Hospital, Desert Medical Imaging L.L.C. and Ropers, Majeski, Kohn & Bentley, since these defendants submitted motions to dismiss.

Under Rule 4(i) service on a United States agency, officer or employee in their official capacity requires service on the United States and sending a copy of the summons and the complaint to that agency, officer, or employee. Fed. R. Civ. P. 4(i)(2).

Plaintiff also attempted to serve United States Federal Bureau of Investigations, the Office of the Director of National Intelligence, and the National Security Agency. As the Proof of Service documents only listed the main addresses for these agencies, without mentioning how Plaintiff served the United States, as required under rule 4(i)(2), service was likely insufficient.

Where service of process is defective, the court has "broad discretion to dismiss the action or to retain the case but quash the service made on defendant." Cranford v. U.S., 359 F. Supp. 2d 981, 984 (E.D. Cal. Jan. 14, 2005) (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985). Moreover, where future, proper service would be futile, the court can dismiss the claim. Tiangang Sun v. China Petroleum & Chemical Corp. Ltd., 2014 WL 11279466 at *6 (C.D. Cal. Apr. 15, 2014) (finding future service would be futile, because the plaintiff's claim would still be dismissed for want of jurisdiction).

Plaintiff bears the burden of showing proper service, and he has likely served multiple Defendants defectively. In Plaintiff's prior suit against many of the same Defendants, Case No. 8:16-cv-01677-JGB-KK, this Court ordered Plaintiff to show cause for lack of service. Order,

Dkt. No. 194 (Feb. 28, 2017). Plaintiff failed to respond to the order to show cause, prompting dismissal of the case. As this is Plaintiff's second attempt to serve almost all of the same Defendants, the Court denies Plaintiff additional time to effect proper service. As discussed further below, even assuming Plaintiff could make proper service, Plaintiff's claims would still be dismissed.

Therefore, the Court DISMISSES the Complaint against defendants Northwest Imaging, Envision Imaging, Spectrum Imaging, DMG Monterey Park, DMG San Gabriel, Providence Hospital, Arrowhead Hospital, Hoag Hospital, Tellaria & Levy, Grove Imaging, the Federal Bureau of Investigations, the Office of the Director of National Intelligence, and The National Security Agency.

### B. Defendants' Motions to Dismiss

Before the Court are seven motions to dismiss filed by eleven of the Defendants.

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pursuant to Local Rule 7-12, a party's failure to oppose a motion may be deemed consent to the granting of the motion. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming pro se litigant's failure to oppose as consent to granting motion); Cortez v. Hubbard, No. CV 07–4556 GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed consent to a grant of the [m]otion").

2. **Analysis**

The moving defendants argue a multitude of reasons for dismissal, including Plaintiff's Complaint fails to state a claim to relief, is legally and factually patently frivolous, does not comply with Federal Rule of Civil Procedure Rule 8, and that the claims are barred by the doctrine of res judicata. (See e.g., Dkt. Nos. 80 & 92.) Plaintiff did not oppose the motions.

The Court considers only whether the allegations are sufficient to survive a motion to dismiss for failure to state a claim. Allegations of a pro se plaintiff are held to a less stringent pleading standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, even applying this standard, Plaintiff's claims fail to survive the instant motions to dismiss.

Here, Plaintiff's allegations are insufficient to support his claims against each of the moving defendants. The Complaint alleges multiple conspiracies binding the Defendants in an unintelligible fashion that is lengthier and more confusing than his previous complaints. Plaintiff makes no reasonable allegations as to the moving Defendants, and his causes of actions are unsustainable with the alleged facts. Rather, Plaintiff asserts unrealistic factual statements and conclusory legal allegations, which are implausible and fail to give rise to any relief. For these reasons, the Court GRANTS Defendants' motions to dismiss.

3. **Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served." The Ninth Circuit has held that a motion to dismiss is not a responsive pleading within the meaning of the Rule. Doe v. U.S., F.3d 494, 497 (9th Cir. 1995) (quoting Schreiber Distributing v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Further, Federal Rule of Civil Procedure 15(a)(2) states that the court should "freely give leave [to amend] when justice so requires." If a Rule 12(b)(6)

motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

Plaintiff asserts a range of federal and state claims that are wholly unsupported by his litany of questionable allegations. For example, Plaintiff declares that "abus[ive] NSA surveillance" blocked his ability to find legal assistance, conspired with his medical providers to deny him treatment, and attempted obstruct justice. (Compl. ¶¶ 56, 93-7.) To support this "Abuse NSA Program [sic]" cause of action, Plaintiff incorporates the entire preceding twenty-eight pages of the Complaint, and specifically cites only four statements allegedly made by a former NSA worker, former National Security Adviser Susan Rice and former FBI Director James Comey that discuss general domestic surveillance capabilities. (Compl. ¶¶ 91, 93.) The rest of Plaintiff's sixty-two page Complaint is equally confusing, ambiguous, and difficult to understand.

The Complaint is similar to the previous complaints Plaintiff filed in June 2016 and September 2016. This third iteration fares no better than the previous ones and remains incomprehensible as to the multiple causes of actions. Given the nature of Plaintiff's claims, the Court finds that granting leave to amend would be futile because the defects of Plaintiff's Complaint cannot be cured.

Therefore, the Court DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND.

## C. Vexatious Litigant and Pre-filing Order Against Plaintiff

Before the Court are a motion to deem Plaintiff a vexatious litigant and two motions for a pre-filing order requiring Plaintiff to obtain advance court approval for filing a similar claim. Defendants Ropers, Majeski, Kohn & Bentley, United States Fire Insurance and LWP Claim Solutions filed a motion for a permanent injunction against Plaintiff, requesting prior court authorization before Plaintiff can file a similar claim against them. (Dkt. No. 84.) Similarly, City of Fontana filed a motion for a pre-filing order relating to Plaintiff's claim the Fontana Police Department failed to file police reports as regards an incident with Plaintiff at a Jamba Juice establishment in Fontana. (Dkt. No. 102.) In addition, City of Fontana moved to declare Plaintiff a vexatious litigant. Id.

### a. Legal standard

Through the All Writs Act, 28 U.S.C. § 1651(a), federal courts have the inherent power to regulate the activities of abusive litigants in appropriate circumstances. However, pre-filing orders should rarely be filed, De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990), as the "right of access to the courts is a fundamental right protected by the Constitution" Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998).

Local Rule 83-8 enhances the Court's inherent power to control vexatious litigation. Pursuant to Rule 83-8.3, an order to control a party must be based upon a finding that the litigant has "abused the Court's process and is likely to continue such abuse, unless protective measures are taken."

To impose pre-filing restrictions, the court must: (1) give litigants notice and an opportunity to oppose the order before its entry (2) compile an adequate record for appellate review, including listing all the cases and motions that led the court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly. Ringgold-Lockhard v. County of L.A., 761 F.3d 1057, 1062 (citing De Long, 912 F.2d at 1147-48).

In applying the latter two substantive factors, the five factors set forth in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), provide "a helpful framework." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1051, 1058 (9th Cir. 2007). The Safir factors are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. Id.

### b. Analysis

#### 1. Notice and opportunity to be heard

The first factor under De Long is whether the litigant was given notice and an opportunity to be heard prior to the entry of a pre-filing order. The moving Defendants filed and served their motions on Plaintiff on July 24, 2017 and August 9, 2017. Plaintiff had the opportunity to oppose the motions, but failed to do so. In this case, this Court finds Plaintiff had fair notice of the possibility of a pre-filing order and the opportunity to be heard on the matter. See Pac Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) ("The opportunity to brief the issue fully satisfies due process requirements.")

#### 2. Compilation of record

The second factor is a procedural requirement for a record of the cases filed by the plaintiff. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Ringgold, 761 F.3d at 1063 (quoting De Long, 912 F.2d at 1147).

The instant case is the fifth case filed by Plaintiff alleging similar causes of actions against the various Defendants. Previously, Plaintiff filed two actions in state courts: Edward v. LWP Claims Solutions, Inc., San Bernardino County Superior Court, Case No. CIV- DS- 1516966 (Apr. 29,

2016) and Edward v. LWP Claim Solutions, Inc., Riverside County Superior Court, Case No. RIC 1608069 (June 30, 2016). In addition, Plaintiff filed two actions in federal court: Edward v. President Obama, Case No. 5:16-cv-01312-JGB-KK (June 21, 2016), and then Edward v. President Obama, Case No. 8:16-cv-01677-JGB-KK (Sept. 6, 2016). All of the prior actions were dismissed.

As noted above in the background section, the previous complaints filed by Plaintiff all allege a complicated conspiracy binding the numerous Defendants in actions such as criminal negligence, fraud, attempted murder, and abuse of executive power. This Court dismissed Plaintiff's previous, nearly identical suit without leave to amend due to the inability of the allegations to support his copious claims.

### 3. Findings of frivolousness or harassment

Before a court issues a pre-filing injunction against a pro se litigant, the court must make "substantive findings" of the frivolousness or harassing nature of the litigant's actions. De Long, 912 F.2d at 1148. To decide whether the litigant's actions are frivolous or harassing, the court must consider both the "number and content of the filings." Ringgold, 761 F.3d at 1064 (citing De Long, 912 F.2d at 1148). Litigiousness is not enough, for the plaintiff's claims must "not only be numerous, but also be patently without merit." Id. (citing Molski, 500 F.3d at 1059). Alternatively, courts may make a finding that the plaintiff's filings "show a pattern of harassment." De Long, 912 F.2d at 1148. The court must determine whether the filing of the actions constitutes an intent to harass the defendant or the court. Id. at 1148 n. 3. District courts may also consider a litigant's state court litigation. Id. at 1065-66. Finally, courts should consider whether other, less restrictive options are adequate. Id. at 1064.

Here, Plaintiff has filed five similar actions in state and federal court. As the Ringgold court observed, a single-digit number of cases is far fewer than what other courts have found excessive. Id. (pointing to cases where the court considered litigants who had filed thirty-five, over fifty, and over 400 complaints). As noted, each of Plaintiff's previous actions was dismissed. Plaintiff's first federal case was dismissed at the IFP request stage for being "frivolous." Even if the complaints are frivolous, this Court does not find that the five total actions, three of which were in federal court, are "inordinate." De Long, 912 F.2d at 1148.

As Plaintiff failed to oppose the motions, discerning Plaintiff's motive is not simple. Plaintiff raises a variety of state and federal claims asking for relief in the billions of dollars, as well as the death penalty and other criminal penalties for Defendants. Whether Plaintiff is solely seeking to induce Defendants into a cash settlement is unclear, as Plaintiff has not attempted to settle any of the cases. Moreover, Plaintiff did lodge several oppositions to the motions to dismiss in the previous case before this Court. The Molski court emphasized that "the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant." 500 F.3d at 1061. Despite the fantastical nature of the various complaints, Plaintiff does seem to have a good faith belief in his claims and appears to be sincere in his assertions. At this point, the Court does not find that Plaintiff's claims are harassing. A last

consideration is whether a sanction, other than a pre-filing order, could adequately protect the court and other parties. At this time, the Court considers dismissal without leave to amend an adequate sanction.

### 4. Narrowly tailored order

The court may enter a pre-filing order which prohibits a vexatious litigant from filing any new litigation in the courts of California without first obtaining leave of the presiding judge of the court where the litigation is to be filed. Cal. Code Civ. P. § 391.7(a) (West 2011). A pre-filing order must be narrowly tailored to "closely fit the specific vice encountered." De Long, 912 F.2d at 1148.

Though Defendants have expended resources defending Plaintiff's actions, the Court finds Plaintiff's actions do not meet the standard required to be deemed a vexatious litigant and subjected to a pre-filing order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss, DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND, DENIES Defendants' Motion for Permanent Injunction and DENIES Defendant's Motion to deem Plaintiff a vexatious litigant. Accordingly, the Court VACATES the August 28, 2018 and September 11, 2017 hearings on these matters.

**IT IS SO ORDERED.**